IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kenneth A. Brown, (K75200), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 22 C 3525 |
| v. ) | |
| ) | Judge Martha M. Pacold |
| ) | |
| Department of Human Services, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

    Petitioner's current 28 U.S.C. § 2254 petition [1, 3] is dismissed without prejudice to him filing an amended petition in accordance with the following instructions: (1) should Petitioner wish to submit an amended petition challenging the state court's judgment of conviction, he must first seek permission from the Seventh Circuit Court of Appeals to file a successive petition; (2) should Petitioner wish to challenge his current confinement under the Illinois Sexually Violent Persons Commitment Act, he must submit an amended petition that raises claims challenging only the state court's judgment of civil commitment. All other pending motions are denied. Although this case cannot proceed, Petitioner remains responsible for the $5.00 filing fee but will not be required to pay it at this time. Should Petitioner choose to pursue an amended habeas corpus petition, he must resolve the filing fee issue by either paying the $5.00 filing fee or, alternatively, submitting a completed *in forma pauperis* application. The Clerk is instructed to update the docket to reflect Petitioner's correct prisoner identification number, K-75200.

**STATEMENT**

    Petitioner Kenneth A. Brown, who is currently in custody as a sexually violent person at the Illinois Department of Human Services Treatment & Detention Facility in Rushville, Illinois, has filed a *pro se* 28 U.S.C. § 2254 petition. His petition was transferred to this Court from the United States District Court of the Central District of Illinois because his convictions for unlawful restraint, kidnapping, attempted criminal sexual assault, and attempted murder occurred in the Circuit Court of Cook County, which is also where Petitioner was civilly committed as a sexually violent person. (Dkt. 3, p. 1) (reference to "SVP Placement Case"); *see also* 725 ILCS 207/30 (Illinois Sexually Violent Persons Commitment Act ("SVPCA")).

    From what the Court can discern from the petition, Petitioner seeks to challenge both the state court's judgment of conviction and the state court's judgment of civil commitment. He cannot, however, challenge more than one state court judgment in the same petition. *See Smith v. Pollard*, No. 16-CV-009-WMC, 2016 WL 1736583, at *1 (W.D. Wis. Apr. 29, 2016) (citing Rule 2(e) of the Rules Governing Section 2254 Cases). The Court therefore dismisses the current

petition (Dkt. 1, 3) without prejudice to Petitioner resubmitting his claims in accordance with the instructions set forth below.

Petitioner's first two claims challenge his criminal convictions. Claim One appears to argue certain grand jury testimony violated state law, Petitioner was denied the opportunity to present evidence at trial that he was framed for the crimes, and the DNA test results demonstrate he was wrongfully convicted. (Dkt. 3, p. 5.) Claim Two asserts an ineffective assistance of counsel claim where his trial counsel failed to appropriately respond to the State's motion to bar the DNA evidence from being presented to the jury. *Id.* He contends this evidentiary issue also constitutes a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.*

Prior to the instant § 2254 petition, Petitioner twice sought habeas corpus relief for his criminal convictions. Petitioner's first habeas corpus petition, which raised claims of double jeopardy, misidentification based on the DNA evidence, insufficient evidence, and police, judicial, and prosecutorial misconduct, was dismissed by this Court as his DNA claim was meritless and his remaining claims were either time-barred or procedurally defaulted. *Brown v. Bartley*, No. 06-CV-3479, Dkt. 38 (N.D. Ill. Mar. 11, 2010). The Seventh Circuit Court of Appeals denied his request for a certificate of appealability. *Brown*, No. 06-CV-3479, Dkt. 62 (N.D. Ill. Oct. 6, 2010). Thereafter, Petitioner filed a second § 2254 petition in the Central District of Illinois, which was dismissed as an unauthorized second or successive petition. *Brown v. Prusak*, No. 16-CV-1338, Dkt. 7 (C.D. Ill. Oct. 18, 2016).

Before Petitioner can bring a second or successive § 2254 petition challenging the state court's judgment of conviction, he must first obtain permission from the Seventh Circuit to file it. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Claims One and Two of the instant petition are therefore dismissed as unauthorized successive claims for which the Court is without jurisdiction to consider. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). The dismissal is without prejudice to him refiling his claims if the Seventh Circuit grants him permission to do so. 28 U.S.C. § 2244(b)(3)(A); Seventh Circuit Rule 22.2.

Petitioner's remaining claims challenge the state court's judgment of civil commitment. Claim Three alleges that his detention under the SVPCA is unlawful because it is based on falsified reports. (Dkt. 3, p. 6.) And Claim Four challenges Petitioner's continuing detention and asserts that he has not been evaluated by a lawful evaluator since the commencement of his civil commitment. *Id.*; *see* 725 ILCS 207/55. To the extent Petitioner mentions bringing "criminal charges" against the Department of Human Services' licensed psychologist and evaluator, the Court cannot initiate criminal charges on his behalf. Rather the proper federal remedy to attack the fact or duration of his confinement is a § 2254 petition. *See Ring v. Appleton*, 93 F. App'x 993, 993 (7th Cir. 2004) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)); *see e.g.*, *Adams v. Bartow*, 330 F.3d 957 (7th Cir. 2003) (action under § 2254 by civilly committed sex offender)).

Thus, should Petitioner wish to pursue Claims Three and Four, he must file an amended habeas corpus petition that specifically challenges the state court's judgment of civil commitment, and clearly sets forth both the legal and factual basis for his challenges. *See Smith*, 2016 WL

1736583, at *1; *see also* Rule 2(c), (e) of the Rules Governing Section 2254 Cases. Further, Petitioner appears to concede that he has not exhausted all of his claims through one complete round of state court review before presenting said claims to this Court. (Dkt. 3, pg. 6.) Section 2254 petitioners must present their claims through all available state court remedies before proceeding in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). With respect to the SVPCA, state court remedies include filing "a petition for discharge or conditional release pursuant to 725 ILCS §§ 207/60 and 65(b). [And] [i]f that petition is denied, he can file a direct appeal." *See Hoppes v. Scott*, No. 15-CV-610-DRH-CJP, 2016 WL 5944442, at *5 (S.D. Ill. Oct. 13, 2016); *see also Rutherford v. Scott*, No. 15 C 10942, 2017 WL 3895595, at *3 (N.D. Ill. Sept. 6, 2017).

If Petitioner chooses to file an amended § 2254 petition challenging his civil commitment, he should first present his claims to the state court for one full round of review before seeking federal habeas corpus review if he has not done so already. *Hoppes*, 2016 WL 5944442, at *5; *Rutherford*, 2017 WL 3895595, at *4. "After [Petitioner] raises his claims before the appropriate state court…the state court will enter a judgment, and his one-year limitations period [for filing a habeas corpus petition] under § 2244(d)(1) will begin to run once direct review of that judgment concludes." *Rutherford*, 2017 WL 3895595, at *4; *see also Martin v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010) ("[E]ach state court order continuing [a petitioner's] commitment or denying his challenge to such a commitment constitutes a new judgment for purposes of [§ 2244(d)(1)], and therefore starts a new statute of limitations period.").

In sum, Petitioner's current habeas corpus petition is dismissed without prejudice, as it challenges two different state court judgments—the state court's judgment of conviction and the state court's judgment of civil commitment under the SVPCA. As to Claims One and Two, which challenge the state court's judgment of conviction, Petitioner may refile his claims upon receiving authorization from the Seventh Circuit to file a successive habeas corpus petition. As to Claims Three and Four, Petitioner may submit an amended habeas corpus petition challenging the state court's judgment of civil commitment upon exhaustion of the state court remedies available to him under the SVPCA.

Finally, the Court notes Petitioner neither paid the $5.00 filing fee nor submitted an *in forma pauperis* application. He still owes the fee, but he is not required to satisfy it at this time. However, should he choose to proceed with an amended habeas corpus petition, he must resolve the filing fee issue by either: (1) paying the $5.00 filing fee with a check or money order made payable to the Clerk, United States District Court for the Northern District of Illinois, or (2) submitting a completed IFP application with a certificate from a prison official stating the amount on deposit in his prison trust account for the 6-month period preceding the filing of the petition.

Date:   August 8, 2022                                    /s/ Martha M. Pacold